## WEST PATE v. THE STATE.

### No. 3055.  Decided November 30, 1904.

**1.—Theft—Indictment—Value—Appropriation—Allegation Sufficient.**

Where the indictment alleged that the defendant took said hogs with intent to deprive the owner of the value of the same, and to appropriate the said hogs to his use and benefit, although not using the word " it " to refer to the value of the hogs, the allegation was sufficient.

**2.—Same—Continuance—Diligence Not Sufficient.**

Where the indictment was pending and arrest made five months before appellant applied for process for his witnesses, and he does not show when process was returned, and the witnesses being temporarily out of the county, as to their whereabouts, there was not sufficient diligence.

**3.—Same—Materiality of Testimony—Conclusion of Witness.**

Where the materiality of the testimony set out in the application was that the witnesses would testify that the hogs, alleged to have been stolen, were appellant's hogs, without setting forth the facts by which they identified them as such, the statement would be a mere conclusion of the witness; and other witnesses having testified to appellant's ownership, there was no error in overruling the application for continuance.

**4.—Evidence—Sufficient to Support Verdict.**

Where the evidence showed that the property alleged to have been stolen was that of the prosecutor, and that defendant must have known this, the taking was fraudulent and the verdict is sustained.

Appeal from the District Court of Freestone.  Tried below before Hon. L. B. Cobb.

Appeal from a conviction of theft of hogs; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. B. Daviss,* for appellant.—On proposition of insufficiency of indictment:  Tallant v. State, 14 Texas Crim. App., 234; Thompson v. State, 16 Id., 74; Peralto v. State, 17 Id., 578; Jones v. State, 25 Id., 621; Evans v. State, 34 Texas Crim. Rep., 110; art. 442, Code Crim. Proc.; arts. 858 and 882, Penal Code.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of eight head of hogs, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant made a motion to quash the indictment, which was overruled and he assigns this as error.  The indictment alleges that appellant took said hogs with intent to deprive said owner of the value of the same, and to appropriate *said hogs* to his use and benefit.  The contention being that he should have used the pronoun "it" instead of the word "hogs," and that "it" in this connection refers to the value of said hogs and not to the hogs themselves.  We are inclined to believe that

"it" refers to the property stolen,—but whether it refers to the property stolen or to the value thereof, makes no difference. An intent to deprive the owner of the property itself, embraces the intent to deprive such owner of the value thereof. The court did not err in refusing to quash the indictment.

Appellant made a motion to continue the case on account of the absence of certain witnesses, by whom he proposed to prove that appellant was the owner of the hogs in question. The court overruled the motion, and among other things, assigns that no diligence was used; that the indictment was pending and defendant's arrest made some six months before the trial, and appellant only sued out process for said witnesses about a month before the convening of court. The application shows that the witnesses were temporarily out of the county, picking cotton. It is not shown when the process was returned. For ought that appears process might have been returned shortly after its issuance, showing that the witnesses were out of the county, and it then became the duty of appellant to use diligence to ascertain the whereabouts of said witnesses, No effort was made to show any such diligence. We agree with the court that there was no diligence in endeavoring to procure said witnesses. We would further remark with reference to the materiality of the testimony of these witnesses, as set out in the application, that no particular facts are stated by which they identified the hogs as the property of appellant. It is merely stated that they would testify they were appellant's hogs. This is rather a conclusion of the witness, than the statement of any fact, to which they would testify. A number of witnesses testified to appellant's ownership of the hogs. Their testimony appears to be contradictory and complicated; and the jury did not believe them. We apprehend that the court was correct when he stated, if the absent witnesses had been present and had even sworn as stated, the same would have had no effect upon the jury. The court properly overruled the motion for continuance.

Appellant also complains that the evidence is not sufficient to sustain the verdict. We have made a careful examination of the record in this respect, and without recounting the testimony, it occurs to us that it is ample, to have authorized the conviction of appellant. We gather from the testimony that the sow in question, even from appellant's standpoint as testified by him, must have been marked in prosecutor's mark when he took it up. This was an old mark, and was sufficient to put appellant upon notice. The fresh mark found on the sow when found in appellant's possession, though not the mark of appellant, is not accounted for. The proof abundantly shows that the sow, mother of the pigs, was the property of prosecutor, and the record shows that appellant must have known it was not his hog at the time of taking, and that the taking was fraudulent. His own witnesses are not clear, but contradict each other as to his defense. In our opinion the facts sustain the conviction, and the judgment is affirmed.

*Affirmed.*